UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joseph Aiello and Dianne Aiello,<br><br>                    Plaintiffs,<br><br>     v.<br><br>Travelers Commercial Insurance Company, et al.,<br><br>                    Defendants. | No. 2:23-cv-00982-KJM-DMC<br><br>ORDER |

     Joseph and Dianne Aiello allege a wildfire destroyed their property in Paradise, California in 2018.  Compl. ¶¶ 5, 9, ECF No. 1-1.  At the time, the property was insured under a policy issued by Travelers Commercial Insurance Company.  *Id.* ¶¶ 6, 9.  The Aiellos submitted a claim to Travelers, and Travelers assigned an adjuster to investigate.  *Id.*  ¶¶ 10–11.  According to the Aiello's complaint, they cooperated with Travelers and gave it the information it requested, and Travelers agreed their loss was covered, but it refused to pay in full.  *Id.* ¶¶ 12–14.  The Aiellos ascribe Travelers' refusal to an allegedly incomplete investigation that ignored obvious evidence of damage, to false or misleading reports, and to unreasonable policy interpretations.  *Id.* ¶¶ 12, 18.  They filed a complaint in Butte County Superior Court, asserting claims for breach of contract and denial of coverage in bad faith.  *Id.* ¶¶ 8–24.  Travelers removed the case to this court and now moves to dismiss.  *See generally* Not. Removal, ECF No. 1; Mot., ECF No. 8.  It

argues the complaint does not state a claim under Rule 12(b)(6), and it asks in the alternative for a more definite statement.¹ The court submitted the matter without hearing oral argument.² Min. Order, ECF No. 11.

To withstand a motion under Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Aiellos' complaint satisfies that requirement. First, they claim Travelers breached the insurance policy. They identify the policy, Compl. ¶ 5, summarize relevant policy terms, *id.* ¶ 6, allege they fulfilled their obligations under the policy, *id.* ¶¶ 10–11, explain how Travelers did not, *id.* ¶¶ 12–14, and allege they suffered damages as a result, *id.* ¶ 14. These allegations, which the court must assume are true at this early stage, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), make out a plausible claim for breach of contract under California law, *see, e.g.*, *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011) (listing elements). Second, the Aiellos claim Travelers refused to pay in bad faith, thus violating its implied covenant to deal with them fairly and in good faith. They allege, for example, that Travelers did not properly investigate, *id.* ¶ 12, ignored evidence of damage, *id.*, and denied benefits it knew were due, electing to take its chances in litigation, *see, e.g.*, *id.* ¶¶ 18, 21. These allegations support a claim under California law. *See, e.g.*, *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal. 4th 1, 36 (1995).

Travelers contends the Aiellos "have not pleaded, either verbatim or by legal effect, the terms of the Policy" and have not "alleged which terms of the Policy were breached." Mot. at 5. On this point, the complaint speaks for itself. It alleges "the policy provided replacement cost coverage up to a stated limit of $441,000 . . . for all risks of direct physical loss to plaintiffs' dwelling . . . , including physical loss or damage caused by wildfire." Compl. ¶ 6. It alleges the

---

¹ Travelers claims the Aiellos' attorney did not respond to requests to meet and confer about this motion. *See* Mot. at 3. This court requires parties to meet and confer about their planned motions. Failures to meet and confer in good faith in the future may result in sanctions, including monetary sanctions.

² The Aiellos did not file an opposition until after the deadline set by this District's Local Rules, and they did not request an extension of that deadline. *See* Opp'n, ECF No. 10; E.D. Cal. L.R. 230(c). The court has not considered the arguments in their late opposition.

policy also provided "coverage for direct physical loss to plaintiff's personal property up to a stated limit of $308,000." *Id.* It alleges the Aiellos' "dwelling and personal property [were] completely consumed in the wildfire." *Id.* ¶ 9. And it alleges Travelers "breached the terms of its policy by failing and refusing to pay." *Id.* ¶ 14. These allegations suffice to make out a complaint.

Finally, the complaint is not so "vague or ambiguous" as to require a more definite statement under Rule 12(e). As summarized above, it lays out the Aiellos' claims succinctly but clearly. This is not a case of unintelligible pleading. *See Comm. for Immigrant Rts. of Sonoma Cnty. v. Cnty. of Sonoma*, 644 F. Supp. 2d 1177, 1191 (N.D. Cal. 2009). Travelers may obtain more information about the Aiellos' allegations in discovery. *See id.*

In conclusion, Travelers' motion (ECF No. 8) is **denied**.

IT IS SO ORDERED.

DATED: July 12, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE